**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

-vs-                                                                    Case No.  6:99-cr-75-Orl-19

**WILLIAM JAMES PRESTON,**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Reduction of Sentence Based on Retroactive Guideline Amendment, Effective November 1, 2007, Concerning Cocaine Base ("Crack") and/or Certain Criminal History Rule that Have the Effect of Lowering Guideline Range by Defendant William James Preston *Pro Se* (Doc. No. 76, filed Feb. 29, 2008);

2. Order Directing Response on Retroactive Application of Crack Cocaine Amendment (Doc. No. 77, filed Mar. 4, 2008);

3. Response to Order Pursuant to 18 U.S.C. § 3582(c)(2) by the United States of America (Doc. No. 80, filed May 1, 2008); and

4. Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines by Defendant Preston (Doc. No. 83, filed May 9, 2008).

## Background

Defendant William James Preston pled guilty to Count One of the Indictment charging him with possession with intent to distribute and distribution of cocaine base ("crack" cocaine) in violation of Title 21, United States Code, Section 841(a)(1).  (Judgment, Doc. No. 28 at 1.)

Defendant was found responsible for 68 grams of cocaine base. (1999 PSR at 2, ¶ 16.)[1]  Defendant qualified as a career offender under United States Sentencing Guidelines Section 4B1.1 and was sentenced to a term of imprisonment of 262 months.  (*Id.* at 3, ¶ 26; Doc. No. 28 at 2.)

In its March 4, 2008 Order, the Court directed the parties to file responses as to the applicability of Guidelines Amendment 706 to Defendant Preston.  (Doc. No. 77.)  As the Court there explained, Amendment 706 lowered the base offense level for crack cocaine offenses by two levels for eligible defendants.  (*Id.* at 1.)  Accordingly, Section 3582(c)(2) of Title 18 of the United States Code permits the Court to modify a term of imprisonment based on a sentencing range that has been lowered by this Amendment.

In its Response, the United States argues that the Court does not have jurisdiction to reduce Defendant Preston's sentence because "Amendment 706 does not have the effect of lowering the sentence range under which the defendant was sentenced."  (Doc. No. 80 at 3.)  The United States explains:

> The defendant was sentenced as a career offender, pursuant to USSG §4B1.1, based on his prior convictions for other drug trafficking offenses.  Accordingly, his base offense level was 37.  Because the defendant's offense level was controlled by Section 4B1.1 and not affected by the underlying offense level, Amendment 706, which changes offense levels under Section 2D1.1, has no bearing on the defendant's offense level.

(*Id.* (internal citations omitted).)

Defendant Preston argues that Section 3582(c)(2) "does not require the amendment to have lowered a defendant's guideline range."  (Doc. No. 83 at 2.)  Instead, the sentence only needs to have been based on a sentencing range that has subsequently been lowered by the Sentencing

---

[1]  The Presentence Investigation Report on Defendant, dated July 23, 1999, will be cited as "1999 PSR."

Commission and "[a]ll crack sentences are based on the crack guideline's sentencing range because that range[] is the starting point of every sentence, even if a defendant was subject to a Chapter 4 enhancement." (*Id.*)[2] Accordingly, Defendant asserts, "to the extent that this Court considered the Chapter Two guideline range in determining Mr. Preston's ultimate sentence, a reduction under Amendments 706 and 711 is authorized." (*Id.* at 7.)

**Analysis**

Section 3582(c)(2) of Title 18 of the United States Code provides that a court may only modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines Section 1B1.10 clarifies: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2) (supp. Mar. 3, 2008); (*see also* Doc. No. 80 at 3-5 (citing cases)).

Defendant is not eligible for a reduction under Amendment 706 because the Guidelines range applicable to him remains unchanged. Since Defendant was sentenced as a career offender, his sentencing range was that prescribed by Guidelines Section 4B1.1. (1999 PSR at 11, ¶ 69.) Defendant's status as a career offender was determined based on the requirements of Guidelines

---

[2] Defendant further states: "The text of the career offender guideline confirms that this guideline must be characterized as a mere 'enhancement.'" (Doc. No. 83 at 2-3.) Therefore, the "applicable guideline range" is the guideline for the offense of conviction, used "en route to reaching the final result." (*Id.* at 4.)

Section 4B1.1(a): Defendant was the requisite age at the time of the offense (at least 18 years old); the offense for which he was being sentenced was a felony and either a crime of violence or a controlled substance offense; and Defendant's record included at least two prior convictions of either a crime of violence or a controlled substance offense. (*Id.* at 3, ¶ 26.) Amendment 706 has no effect on Defendant's status as a career offender; Defendant meets the definition of career offender regardless of the revisions to Guidelines Section 2D1.1.

Similarly, because Amendment 706 does not change Defendant's career offender status, it does not change the sentencing range applicable to him. Since Defendant was a career offender, his base offense level was determined by the statutory maximum for his offenses pursuant to Guidelines Section 4B1.1(b). (*Id.*) Defendant's offenses carried a statutory maximum of life imprisonment, and so his offense level was 37 under Guidelines Section 4B1.1(b)(A). (*Id.*) Defendant's criminal history category was VI. (*Id.* at 6, ¶ 39.)[3] Defendant received a three-level reduction for acceptance of responsibility, making his total offense level 34. (*Id.* at 3, ¶¶ 27-29; Doc. No. 28 at 7-8.) The Sentencing Table provides that the sentencing range for offense level 34 and criminal history category VI is 262 to 327 months imprisonment. U.S. Sentencing Guidelines Manual ch. 5, pt. A. Defendant was sentenced within this range to 262 months of imprisonment. (Doc. No. 28 at 2.) Thus, none of the provisions relevant to calculating Defendant's sentence were affected by Amendment 706.

---

[3]  In the Motion for a reduction in sentence filed by Defendant *pro se* prior to the appointment of the Federal Public Defender, Defendant argued that his original sentencing PSR mistakenly listed his date of conviction for a prior crime as 1988 rather than 1983. (Doc. No. 76 at 3-4.) This typographical error was corrected, however, in the PSR that the Court used for sentencing. (1999 PSR at 4, ¶ 30.)

Defendant argues that his sentence was nevertheless "based on" a sentencing range that has been subsequently lowered under Section 3582(c)(2). (Doc. No. 83 at 7.) However, this argument inaccurately summarizes the sentencing process. As explained by Judge Robreno in the Eastern District of Pennsylvania:

> Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1. The court may rely on the sentencing range prescribed for a defendant of a different criminal history category (in other words, the § 2D1.1 sentencing range), but only if the court determines that the criminal history category "substantially over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(b)(1). If the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and the sentence that would apply if another criminal history category were used.

*United States v. Rivera*, 535 F. Supp. 2d 527, 530 (E.D. Pa. 2008).

When Defendant was sentenced, the Court declined to grant a downward departure in criminal history category. (Doc. No. 28.) In other words, the Court concluded that category VI and the career offender provision accurately represented Defendant's characteristics. Therefore, the Court calculated a sentencing range based on Guidelines Section 4B1.1. The sentencing range under Section 2D1.1 never became relevant because no downward departure was granted.[4]

---

[4] Judge Robreno also observed that even if a court considered what a career offender defendant's sentence would have been under Chapter Two of the Guidelines, it is unclear that a reduction would be authorized by Section 3582. *Rivera*, 535 F. Supp. 2d at 530. The statute provides authority for a reduction based on "an amendment reducing the applicable guidelines range." *Id.* It is not obvious that authority is provided by an amendment changing a guidelines range that is not applicable to the defendant but is considered for comparison purposes. *Id.*; *see also United States v. Hankerson*, 224 F. App'x 900, 901 (11th Cir. 2007) ("Indeed, had [the defendant] been sentenced after the enactment of Amendment 591, his guideline range would have been the same. Thus, [the defendant] was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and § 3582(c)(2) does not apply." (internal quotations

Since Amendment 706 does not lower Defendant's applicable Guidelines range in this case, the Court does not have jurisdiction to reduce Defendant's sentence.[5] Defendant's Motion for Reduction of Sentence Based on Retroactive Guideline Amendment (Doc. No. 76, filed Feb. 29, 2008) is **DENIED**, and the Order at Docket Number 77, filed on March 4, 2008, is **DISCHARGED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 21, 2008.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Assistant United States Attorney
Attorney for Defendant
United States Probation
Defendant

---

omitted)).

[5] While the Court may apply the Sentencing Guidelines in a discretionary manner at an *original* sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), nothing in United States Code Title 18, Section 3582(c)(2) gives the Court similar discretion to depart from the Guidelines in *resentencing*. In any event, the Court declines to do so here.